Fuld, J.
(dissenting). In my opinion, an affirmance is compelled not only on the ground that the term, “ immoral,” as defined in the Education Law, lacks that precision of meaning demanded by the Due Process Clause (see, e.g., Commercial Pictures Corp. v. Regents, 346 U. S. 587, revg. 305 N. Y. 336; Times Film Corp. v. City of Chicago, 355 U. S. 35, revg. 244 F. 2d 432), but also for the reason that the film, “ Lady Chatterley’s Lover ” — based on “ a novel of great fame by an eminent author ” (per Desmond, J, concurring, p. 367) — is not of a character which the First Amendment permits a state to exclude from public view. I agree, therefore, with what Judge Dye has said, but I would add these further thoughts on the more basic issue presented.
I cannot accept the premise underlying the opinions written for reversal on behalf of the majority, in other respects conflicting, that there is no meaningful distinction, so far as the doctrine of prior restraint is concerned, between a case involving post-publication prosecution and one involving prior administrative censorship. As I read the cases decided by the Supreme Court of the United States, legislation aimed at preventing the exhibition of moving pictures without advance approval by an administrative body, constituting as it does the clearest sort of previous restraint, is to be sharply differentiated from a statute providing for prosecution after publication. (Compare Roth v. United States, 354 U. S. 476 [per Brennan, J.], pp. 494-495 [per Warren, Ch. J., concurring], with Joseph Burstyn, Inc., v. Wilson, 343 U. S. 495; Holmby Prods. v. Vaughn, 350 U. S. 870; Times Film Corp. v. City of Chicago, 355 U. S. 35, supra.)
In reaching the conclusion that a system of prior administrative censorship is unconstitutional, I have in mind that even the limited injunctive process, with provision for prompt trial by the court, was recently regarded by four justices of the Supreme Court as an impermissible prior restraint. (See Kingsley Books v. Brown, 354 U. S. 436, 445-447.) Indeed, the majority of the court as well, after noting that “ 1 the protection * * * as to previous restraint is not absolutely unlimited ’ ’ ’, went on, significantly, to say, ‘ ‘ the limitation is the exception; it is to be closely confined so as to preclude what may fairly be deemed licensing or censorship ” (354 U. S., *374 at.p. 441). The latter is precisely what is here involved and the fact that a- social problem is presented, which calls for solution, does not justify resort to unconstitutional means. As Chief Justice Warren wrote, in the course of his concurring opinion in Roth v. United States (354 U. S. 476, 495, supra), “ To recognize the existence of a problem, however, does not require that we sustain any and all measures adopted to meet that problem. ’ ’
Were we.dealing with newspapers or books or with a stage play, there could be no question as to the unconstitutionality of the statute under consideration, and I perceive no basis for distinguishing between such forms of expression and a moving picture. The Constitution protects all expression and is limited neither by the thoughts put forth nor by the' medium employed. It protects the transmission of ideas and beliefs, whether orthodox or unorthodox, popular or unpopular, and its protection extends alike to words uttered in the street, a public hall or a theatre (with actors live or on a screen) and to words written in newspapers, books or motion picture subtitles. A belief does not lose its character as a belief, an idea does not become less of an idea, because, instead of being expressed by the airborne voice, the printed word or the still picture, it is put forward by a moving picture with a sound track. The First Amendment does not inquire whether the medium is visual, acoustic, electronic or one yet to be devised, nor does it seek to know the speed of dissemination or the size of the audience. In short, the Amendment’s meaning and vitality may not be conditioned upon the mechanism involved, and the differences existing between a book and a moving picture do not support a holding that the freedom of expression assured by the Constitution is inapplicable to the moving picture.
I would, therefore, affirm the Appellate Division’s order.